**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49806**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>MANDY NICOLE ANDREWS,<br><br>      Defendant-Appellant. | )<br>)  **Filed: March 3, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence seven years, with a minimum period of confinement of three years, for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensesn, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

    Mandy Nicole Andrews was found guilty of possession of a controlled substance. I.C. § 37-2732(c)(a). The district court sentenced Andrews to a unified term of seven years, with a minimum period of confinement of three years. The district court retained jurisdiction and sent

1

Andrews to participate in the rider program. Andrews appeals, arguing that her sentence is excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Andrews' judgment of conviction and sentence are affirmed.

---

[1] Andrews was also found guilty of and sentenced for possession of drug paraphernalia. She does not challenge this judgment of conviction and sentence on appeal. In addition, according to Andrews' brief on appeal, she "has been released onto probation [and] only challenges the underlying sentence imposed by the district court."